UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Tyrone Walker,

Plaintiff/Creditor,

v.                                                            8:26-CV-1125
                                                             (AJB/MJK)
Judge Thomas J. McAvoy,


Defendant/Respondent.

Tyrone Walker, Plaintiff *pro se*

Mithcell J. Katz, U.S. Magistrate Judge

To: Anthony J. Brindisi, U.S. District Court Judge

## REPORT-RECOMMENDATION AND ORDER

Walker commenced this action on May 26, 2026, by filing a
Complaint. (Dkt. 1 ("Compl.")). Walker also filed an application to
proceed *in forma pauperis* ("*IFP*"). (Dkt. 2). The Clerk has sent the
Complaint and *IFP* application to the Court for review.

## I.    BACKGROUND

From what the Court can glean from the Complaint, Walker's
claims against Senior U.S. District Court Judge McAvoy arise from his
criminal proceeding over which Senior U.S. District Court Judge
McAvoy presided. *See generally* (Dkt. 1, Compl.). The Complaint

1

references various sections of the New York Estates, Power and Trust Law; New York Uniform Commercial Code; New York General Obligations Law; and New York Lien Law. Walker also refers to Title 15 of the United States Code, Title 17 of the Code of Federal Regulations, and Title 11 of the United States Code.

## II.    STANDARD OF REVIEW

Because Walker seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A.[1] Section 1915(e)(2) of Title 28 of the United States Code directs that, "when a plaintiff seeks to proceed *in forma pauperis*, . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Ismail v. Albany City Sch. Dist.*, No. 26-CV-297 (AJB/DJS), 2026 WL 1266259, at *2 (N.D.N.Y.

---

[1] 28 U.S.C. § 1915(h) provides that "[a]s used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Apr. 2, 2026) (citing 28 U.S.C. § 1915(e)(2)(B)) (internal quotation omitted), *report and recommendation adopted*, 2026 WL 1266275 (N.D.N.Y. May 8, 2026).

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). The term "prisoner" includes pretrial detainees. 28 U.S.C. § 1915A(c).

Additionally, when reviewing a complaint, the Court must also look at Fed. R. Civ. P. 8, which states that a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). "The purpose of Rule 8 is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer

3

and prepare an adequate defense." *Ismail*, 2026 WL 1266259, at *3 (internal quotation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Maurer v. Zulauf*, No. 26-CV-359 (AMN/MJK), 2026 U.S. Dist. LEXIS 95196, at *2 (N.D.N.Y. Apr. 30, 2026) (*quoting*

4

*Sheehy v. Brown*, 335 Fed. App'x 102, 104 (2d Cir. 2009) (summary order)).

The Court will construe the allegations in the Complaint with the utmost leniency. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a *pro se* litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers").

## III.   *IFP* APPLICATION

Walker declares in his *IFP* applications that he is unable to pay the filing fee. (Dkt. 5). After reviewing Walker's application, this Court finds that he is financially eligible for *IFP* status.

## III.   DISCUSSION

### A. The Court recommends dismissing Walker's Complaint with because it is frivolous.

The Court recommends dismissing the Complaint *with prejudice and without leave to amend* because it is frivolous.

Even accounting for Walker's *pro se* status, the Complaint should be dismissed *sua sponte* because it is frivolous. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (*per curiam*). To be clear, the Court's use of the word "frivolous" is not intended to demean or belittle Walker or his subjective beliefs about

the alleged harms he seeks to remedy in this action. Instead, the word "frivolous" is a legal term of art used in federal court when a civil action lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

First, a review of the Complaint demonstrates that this civil action is "factually frivolous." A civil action is factually frivolous if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Walker's Complaint fits this definition—it is irrational and wholly incredible. Although the allegations in the Complaint are robust, a liberal construction of the pleading indicates that Walker has alleged theories of law have that have no context within the purview of an action arising under 42 U.S.C. § 1983. (Compl., pg. 1). For example, Walker and Senior U.S. District Court Judge McAvoy are not in a debtor-creditor relationship which most of the allegations in the Complaint describe. In fact, no relationship of any kind exists between Walker and Senior U.S. District Court Judge McAvoy.

6

Walker's subjective belief about what purportedly transpired within the context of his criminal matter—however strongly this belief may be held—is not a substitute for plausible factual allegations. For instance, a federal judge's adjudication of a criminal suit filed in their judicial district over which they presided is obviously not a valid basis on which to maintain a § 1983 claim. Where, as here, a plaintiff alleges only his subjective beliefs and/or conclusory suspicions in the absence of any supporting, non-conclusory factual predicate, the pleading is "factually frivolous" and is subject to dismissal. *See Baron v. Lambert*, No. 25-CV-166 (AJB/DJS), 2025 WL 1735532, at *4 (N.D.N.Y. June 23, 2025) (collecting cases).

Second, a review of the Complaint demonstrates that this action is "legally frivolous." An action is legally frivolous when it is based on "an indisputably meritless legal theory" or "a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (cleaned up). Walker's Complaint meets this definition. Broadly construed, Walker complains about misconduct attributable to Senior U.S. District Court Judge McAvoy

7

under 42 U.S. § 1983 in the context of a criminal matter over which he presided.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Walker's Complaint, however construed, is subject to dismissal under this general body of law. "Section 1983 creates a cause of action based on personal liability and predicated upon fault." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citation omitted), cert. denied, 520 U.S. 1230 (1997). A § 1983 claim holds an individual personally liable for the role their acts or omissions played in violating someone's constitutional rights. *See Iqbal*, 556 U.S. at 676.

Here, Senior U.S. District Court Judge McAvoy has absolute immunity for judicial acts performed in his judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*)*; see also Shtrauch v. Dowd*, 651 F. App'x 72, 73-74 (2d Cir. 2016) (summary order) ("Generally, acts arising out of, or related to, individual cases before the judge are considered judicial in nature." (cleaned up)) "Judicial immunity applies

even when the judge is accused of acting maliciously or corruptly." *Coon v. Merola*, No. 19-CV-394 (DNH/ATB), 2019 WL 1981416, at *3 (N.D.N.Y. Apr. 8, 2019) (cleaned up). "'The only two circumstances in which judicial immunity does not apply is when [the judge] takes action 'outside' [their] judicial capacity [or] when the judge takes action that, although judicial in nature, is taken 'in absence of jurisdiction.'" *Id.* (citing *Mireles*, 502 U.S. at 11-12). Plausibly construed, and extending Walker the solicitude he is entitled to as a *pro se* litigant, the Complaint alleges purported acts taken by Senior U.S. District Court Judge McAvoy in the context of presiding over Walker's criminal matter. As a result, Senior U.S. District Court Judge McAvoy is immune.

In sum, Walker's action is subject to *sua sponte* dismissal because it is factually and legally frivolous.

### B. The Court recommends that Walker not be allowed to amend his Complaint.

Generally, before the court dismisses a *pro se* complaint or any part of the complaint *sua sponte*, the court should afford a plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Amending is

futile when a plaintiff's complaint contains substantive problems that cannot be cured by better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Here, the Court recommends that Walker not be granted leave to file an amended pleading because any amendment would be futile. There are no circumstances under which Walker could plausibly allege a claim against Senior U.S. District Court Judge McAvoy.

## IV. CONCLUSION

**WHEREFORE**, based on the findings above, it is hereby

**ORDERED**, that Walker's application to proceed *in forma pauperis* (Dkt. 2) is **GRANTED**, and it is further

**RECOMMENDED** that:

1. Walker's Complaint (Dkt. 1) be **DISMISSED WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND** as **FRIVOLOUS**, and

2. The District Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and that IFP status be denied for the purpose of any appeal, and it is further

**ORDERED** that the Clerk provide Walker with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with the Second

Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (*per curiam*).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[2] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: June 10, 2026.

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge

_____

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

2026 WL 1266259

2026 WL 1266259
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Salim S. ISMAIL, Plaintiff,
v.
ALBANY CITY SCHOOL
DISTRICT, et al., Defendants.

1:26-CV-297 (AJB/DJS)
|
Signed April 2, 2026

**Attorneys and Law Firms**

SALIM S. ISMAIL, Plaintiff, Pro Se, Albany, New York
12210

**REPORT-RECOMMENDATION and ORDER**

Daniel J. Stewart, United States Magistrate Judge

 **\*1**  The Clerk has forwarded for review a Complaint filed by
Plaintiff. Dkt. No. 1, Compl. The filing fee in this action has
not been paid, but Plaintiff has filed a motion to proceed *in
forma pauperis*. Dkt. No. 2. That Motion has been granted.
The matter has been referred to the undersigned for an initial
review pursuant to L.R. 72.3.

**I. FACTUAL ALLEGATIONS IN THE COMPLAINT**

The Complaint is allegedly brought pursuant to 42 U.S.C.
§ 1983, 42 U.S.C. § 1985, 28 U.S.C. § 1343, 28 U.S.C. §
1350, C.P.L.R. § 1411, C.P.L.R. § 7803, 18 U.S.C. § 2333(a),
and 18 U.S.C. § 2441. Compl. at ¶ 19. Named as Defendants
to this action are Albany City School District, Albany City
School District Board of Education, Lynne C. Rutnik, City
of Albany, Robert G. Magee, John Doe, United States of
America, United States Department of Justice, and Pamela J.
Bondi. *Id.* at p. 1. Ms. Rutnik is identified in the Complaint
as "the incumbent Assistant Superintendent for Secondary
Instruction." *Id.* at ¶ 40. The Complaint asserts that "she is
de facto the Attorney General for the Albany City School
District." *Id.* Mr. Magee is identified as "the corporate counsel
for the City of Albany," and is alleged to be "de facto the
Attorney General for the City of Albany." *Id.* at ¶ 44. Each of

the individual Defendants named in the Complaint are sued
in their official capacities. *Id.* at ¶¶ 41, 45, & 50.

The nature of Plaintiff's allegations is unclear. The Complaint
raises issue with "Albany City School District's utter refusal
to enroll [Plaintiff] in the AP Calculus BC Class like [he]
wanted & needed for [his] future." *Id.* ¶ 12. According to
the Complaint, this decision was made by Plaintiff's then-
counselor, Laurie Bebb, [1] who allegedly refused to enroll
Plaintiff in the course. *Id.* ¶ 13. The Complaint also takes
issue with "Albany City School District removing [Plaintiff]
from and refusing to let [him] take the SAT on 4 Nov.
2023 at Albany High School pursuant to their 2 Nov. 2023
stay order." *Id.* at ¶ 12. The Complaint further explains that
Plaintiff "was issued a stay away order on 2 Nov. 2023
from Lori A. McKenna, then-Assistant Superintendent for
Secondary Instruction, and Vincent Thompson, then-Director
of Safe Schools and Violence Prevention, that was served
to [Plaintiff] by Albany Police officer Nicholas A. Schuler [2]
and a few other Albany Police officers." *Id.* The Complaint
also challenges Defendants' "refusal to send [Plaintiff's]
counsellor letter of recommendation & transcript ... so that
[he] could go to School on a multitude of occasions." *Id.*
at ¶ 12. As to this claim, the Complaint states that Plaintiff
asked Ms. Bebb "to sign and send an ED agreement to several
Schools ..., but she refused." *Id.* at ¶ 15.

[1]     Ms. Bebb is not named as a party to this action. *See*
        Compl. at p. 1.

[2]     Ms. McKenna, Mr. Thompson, and Mr. Schuler are
        not named as parties to this action. *See id.*

The Complaint further alleges that "Albany City School
District[ ] refus[ed] to put [Plaintiff's] summer PreCalc &
AP Calculus AB classes on [his] transcript and remove the
failed PreCalc from [his] transcript," *id.* at ¶ 21, and "did
not get [his] money back from CollegeBoard" with regard
to his removal from the SAT. *Id.* at ¶ 22. According to the
Complaint, Plaintiff was a student at Albany High School
from 2019 to 2023, and graduated in June of 2023. *Id.* at ¶ 26.

**II. GOVERNING LEGAL STANDARD**

 **\*2**  28 U.S.C. § 1915(e) directs that, when a plaintiff seeks
to proceed *in forma pauperis*, "(2) ... the court shall dismiss
the case at any time if the court determines that – ... (B)
the action ... (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). [3]

[3] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In reviewing *a pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution ... in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## III. DISCUSSION

### A. Request for Recusal

The Court first addresses Plaintiff's Letter Motion requesting recusal. Dkt. No. 3. Plaintiff seeks recusal of all judges in the Northern District of New York. *Id.*

"Pursuant to 28 U.S.C. § 455(a), '[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.' " *Sposato v. Carey*, 2023 WL 10365030, at *1 (N.D.N.Y. July 27, 2023), *report and recommendation adopted*, 2024 WL 637423 (N.D.N.Y. Feb. 15, 2024) (quoting 28 U.S.C. § 455(a)). "In cases where a judge's impartiality might reasonably be questioned, the issue for consideration is not whether the judge is in fact subjectively impartial, but whether the objective facts suggest impartiality." *Lewis v. Quiros*, 2018 WL 11462398, at *1 (D. Conn. Jan. 19, 2018) (quotation, internal quotation marks, and citation omitted). In other words, "[t]he ultimate inquiry is whether a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." *Id.* (quotation and internal quotation marks omitted) (alteration in original). "It is well settled that a judge maintains discretion in the first instance in determining whether to disqualify him or herself, because '[t]he judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion.' " *Sposato v. Carey*, 2023 WL 10365030, at *1 (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)) (citation omitted).

**\*3** Here, in arguing that recusal is necessary, Plaintiff primarily references prior cases filed by *pro se* plaintiffs that were ultimately dismissed, Dkt. No. 3 at pp. 3-6, and summarily concludes that, consequently, "the prejudice of the Judges of this Court can reasonably be questioned." *Id.* at p. 4. Plaintiff also takes issue with the result of a prior case he filed—Case No. 1:24-cv-982 (GTS/PJE)—that was before a different Magistrate Judge and a different District Court Judge. *Id.* at pp. 4 & 6. Plaintiff asserts that, "after seeing" the way that case was handled, he is "not willing to gamble with the others to see whether or not they will be the same way." *Id.* at p. 6.

Plaintiff has not, however, offered any objective facts to suggest that any of the judges in the Northern District of New York have any personal bias against him. Although Plaintiff might disagree with this Court's recommendations in prior actions, "that disapproval alone does not 'constitute a valid

basis for a bias or partiality motion.' " *Sposato v. Carey*, 2023 WL 10365030, at \*2 (quoting *Liteky v. U.S.*, 510 U.S. 540, 555 (1994)).

The undersigned, therefore, denies the request to recuse himself from this matter. It is further recommended that Plaintiff's Letter Motion requesting recusal of all Northern District of New York judges, Dkt. No. 3, be denied. Having determined that recusal is not warranted, the Court proceeds with its review of the Complaint pursuant to L.R. 72.3.

### B. Rules 8 and 10

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction ...;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at \*1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

"The purpose of Rule 10 is to provide an easy mode of identification for referring to a particular paragraph in a prior pleading." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation omitted). A complaint that fails to comply with basic pleading requirements presents too heavy a burden for defendants to craft a defense, "provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

Here, the Complaint fails to comply with the aforementioned pleading requirements and thus does not provide the notice to Defendants that Rules 8 and 10 require. To illustrate the insufficiency of the Complaint, the Court provides but a few examples.

First, the Complaint names as Defendants Rutnik, Magee, and Bondi, as well as the Albany City School District Board of Education, the United States of America, and the United States Department of Justice. *See* Compl. at pp. 1 & 11-13. Yet, the Complaint provides no factual support explaining how any of these Defendants violated any of the named statutes to support their inclusion in this action. As a result, the Complaint does not provide these Defendants with fair notice of the claims being asserted against them by Plaintiff so as to permit them to assess the sufficiency of the Complaint and give them the opportunity to prepare an adequate defense.

**\*4** Additionally, none of the eight "count[s]" contained in the Complaint indicate which Defendants they are brought against, and several merge together numerous different alleged violations. *See generally* Compl. at pp. 39-52. For example, "Count 1," which is entitled "Refusal to give me AP Calculus BS or to even participate in it," *id.* at p. 39, contains a slew of factual allegations and then summarily concludes that "[a]ll of that violates Federal Rules of Civil Procedure 12(b)(1), CPLR 3211(a)(2), the 4th Amendment, the 5th Amendment, the 8th Amendment, the 14th Amendment, and the UN Declaration of Human Rights Article 26." *Id.* at ¶ 187. Similarly, "Count 5," which is entitled "Unreleased documents," *id.* at p. 46, asserts numerous factual allegations and then states "[a]ll of that violates FERPA 99.10(b), New York Education Law 3222(1), the 4th Amendment, 5th Amendment, the 8th Amendment, and the 14th Amendment." *Id.* at ¶ 226.

The Complaint is also subject to dismissal on the basis that it fails to state a claim. The Complaint brings suit pursuant to 42 U.S.C. § 1985 alleging that: "Albany City School District ...

refus[ed] to give [Plaintiff] AP Calculus BC," Compl. at ¶ 19; Plaintiff "did not get [his] money back from CollegeBoard" after he was removed from the SAT, *id.* at ¶ 22; and Albany City School District, the Albany Police Department, John Doe, and other law enforcement agencies "refused to send [Plaintiff's] documents as [he] needed to go to School." *Id.* at ¶¶ 23-25. However, "Plaintiff fails to allege any factual basis to support a meeting of the minds between [D]efendants to achieve an unlawful end and, further, fails to allege that [D]efendants acted with an invidious discriminatory animus to deprive him of constitutionally protected rights," both of which are necessary to state a Section 1985 claim. *Roberts v. Fleury*, 2024 WL 1242231, at *14 (N.D.N.Y. Mar. 22, 2024). Additionally, the Complaint seeks to raise claims pursuant to C.P.L.R. § 1411, Compl. at ¶¶ 19, 21, & 23, but that is an affirmative defense pertaining to the amount of damages recoverable in actions "for personal injury, injury to property, or wrongful death." C.P.L.R. § 1411.

Given its lack of clarity, the Complaint is clearly subject to dismissal. "[A] court should not dismiss a complaint filed by *a pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.' " *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Accordingly, the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend.

The Court advises Plaintiff that, should he be permitted to amend his Complaint, any amended pleading he submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff, must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying: (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

**\*5** Plaintiff is further cautioned that no portion of his prior Complaint shall be incorporated into his amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the Defendants and must demonstrate that a case or controversy exists between the Plaintiff and the Defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendant violated a law, he should specifically refer to such law.

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's request to recuse the undersigned be **DENIED**; and it is further

**RECOMMENDED**, that the remaining parts of Plaintiff's Letter Motion requesting recusal (Dkt. No. 3) be **DENIED**; and it is further

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED** without prejudice; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

[4]  If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then

Case 8:26-cv-01125-AJB-MJK    Document 7    Filed 06/10/26    Page 16 of 42

the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**All Citations**

Slip Copy, 2026 WL 1266259

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

**History (2)**

**Direct History (2)**

1. SALIM S. ISMAIL, Plaintiff, v. ALBANY CITY SCHOOL DISTRICT, et al., Defendants. Additional Party Names: Albany City School District Board of Education, City of Albany, Lynne C. Rutnik, Pamela J. Bondi, Robert G. Magee, UNITED STATES, United States Department of Justice
2026 WL 1266259 , N.D.N.Y. , Apr. 02, 2026

*Report and Recommendation Adopted by*

2. Ismail v. Albany City School District
2026 WL 1266275 , N.D.N.Y. , May 08, 2026

WESTLAW   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

**Filings**

There are no Filings for this citation.

 © 2026 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

2025 WL 1735532
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Timothy A. BARON, Plaintiff,
v.
John LAMBERT et al., Defendants.

3:25-CV-166 (AJB/DJS)
|
Signed June 23, 2025

**Attorneys and Law Firms**

Timothy A. Baron, Bronx, NY, Pro Se.

Gregg Tyler Johnson, Johnson & Laws, LLC, Clifton Park, NY, for Defendants.

**DECISION and ORDER**

Anthony J. Brindisi, United States District Judge:

**I. INTRODUCTION**

**\*1** On February 6, 2025, *pro se* plaintiff Timothy A. Baron ("plaintiff") filed this civil action "in his sovereign and private capacity" alleging that defendants Otsego County Court Judge John F. Lambert ("Judge Lambert"), Otsego County District Attorney John M. Muehl ("DA Muehl"), and two attorneys from the Cooperstown area named James P. Ferrari ("Attorney Ferrari"), and Joseph Simons ("Attorney Simons") may have violated a whole host of federal laws, treaties, and constitutional provisions. Dkt. No. 1.

The case was initially administratively closed because plaintiff had failed to pay the filing fee or submit an application to proceed *in forma pauperis*, Dkt. No. 2, but it was reopened when plaintiff paid the fee, Dkt. No. 4, and submitted an amended complaint, Dkt. No. 3. Thereafter, DA Muehl answered. Dkt. No. 14. The remaining defendants have yet to appear, *see generally* Docket, and it is unclear from the existing record whether they have been served with process.

On April 30, 2025, DA Muehl moved under Rule 12(c) of the Federal Rules of Civil Procedure for a judgment on the pleadings. Dkt. No. 16. According to DA Muehl, plaintiff's operative complaint is incoherent and cannot be deciphered. *See id.* Plaintiff, for his part, has opposed DA Muehl's motion.

Dkt. No. 21. Plaintiff has also filed a panoply of motions and other documents using the Court's electronic filing system.

Plaintiff's filings include, but are not limited to, an "emergency motion for mandatory judicial notice," Dkt. No. 19, a "motion for final judgment or dismissal with prejudice," Dkt. No. 22, a series of sealed filings, Dkt. Nos. 24, 26, 28, 34, an "*ex parte* notice of enforced exit from commercial control and demand for final restitution and release," Dkt. No. 23, a "statement of principle," Dkt. No. 36, copies of a "final criminal referral notice, order of dismissal, demand for restitution, motion to waive fees, venue objection, and claim for property forfeiture," Dkt. Nos. 35, 39, 40, and copies of a "final order and judgment," Dkt. Nos. 41, 42, 43, 44.

For the reasons explained below, plaintiff's operative complaint is *sua sponte* dismissed because it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

**II. DISCUSSION**

As an initial matter, plaintiff is entitled to some special consideration because he is *pro se*. Broadly speaking, this means that his pleadings, motions, and other filings must be held to less stringent standards than those drafted by an attorney. *See, e.g.*, *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012). The Second Circuit has repeatedly held that *pro se* filings should be construed liberally, given "special solicitude," and interpreted to raise the strongest claims they suggest. *See, e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

However, even accounting for his *pro se* status, plaintiff's operative complaint—whether construed as his initial forty-eight-page pleading or the shorter, twelve-page amended pleading that plaintiff submitted after he paid the filing fee—must be *sua sponte* dismissed because it is "frivolous." *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam) (holding that "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee"); *Bayne v. Health Ins. Portability & Accountability Act*, 2012 WL 119617, at \*4 (E.D.N.Y. Jan. 17, 2012) (collecting cases).

**\*2** To be clear, the Court's use of the word "frivolous" is not intended to demean or belittle plaintiff or his beliefs about the alleged harms he seeks to remedy in this action. Instead, it is a legal term of art used in federal court when a civil action

lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

First, a review of plaintiff's pleadings, documents, and other filings demonstrate that this action is "factually frivolous." A civil action is factually frivolous if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff's complaint fits this definition. His initial pleading begins with a pages-long, *seriatim* list of federal civil and criminal statutes, treaties, and constitutional provisions that run the gamut from comfortably familiar territory, such as the Fourteenth Amendment or 42 U.S.C. §§ 1981 and 1983, to areas of federal law that are downright arcane, such as the "Convention on International Road Traffic of the 19th Day of September 1949." *See* Dkt. No. 1 at 1–3. [1]

[1]    Pagination corresponds to CM/ECF headers.

On the other side of this laundry list of statutes and constitutional provisions, plaintiff's initial pleading sets forth an introductory statement where he alleges that:

> I, Timothy Baron, am here to establish and lay on the table, for the record, that I am a living being my blood flows and my flesh lives. I, Timothy Baron, am Sovereign, and nothing stands between me and the Divine. I humbly ask for remedy, cure, and maintenance. I, Timothy Baron, did not consent to anything the defendants did or wrote about my person.

> With all due care, Plaintiff has continuously been a victim of discrimination, racial profiling, torture, and abuse by people who pretend to be officials and officers who took an oath to uphold the Constitution of the United States in the State of New York .... The defendants have also neglected the Plaintiff from exercising his religious liberty and equal, inalienable rights with their tricks and schemes. They prohibited the Plaintiff from participating in interstate commerce through unfair practices and malicious prosecution .... The Plaintiff did not consent and refused to be treated in the same manner as the late Martin Luther King Jr., when "United States" local, state, and federal government agencies were found guilty of conspiring to assassinate Dr. King by a Memphis jury, far too late, in 1999 .... The officials and officers have deliberately inflicted severe physical and emotional pain on the

Plaintiff. They have retaliated against the Plaintiff for standing firm against their bullying practices ....

....

> As we turn the table around, it has come to light that the mentally ill D.A. John Muehl was involved in a range of tricks orchestrated, staged, plotted criminal activities, malicious prosecution misconduct such as money laundering, scheme or artifice, staging, extortion, taxing, self-dealing, arson, trapping, blackmailing, framing, bribing, collaborating, fixing, kidnapping, trafficking, monopolizing, exploiting, and organizing crimes with the aid and accessory of his fraternity, Judge John Lambert, Judge Lucy P. Bernier, James Ferrari, Joseph Simons (White Supremacy and KKK members in mock trials, conflict of interest) and others who failed to intervene. This discovery highlights the importance of reviewing all previous cases involving these individuals to ensure they were handled fairly without bias and prejudice on grounds of race, color, national origin, sex, religion, age, marital status, sexual orientation, gender identity, military status, disability ethnicity or nuisance.

> **\*3** It's time to hold government workers accountable when they violate and deprive universal rights and civil liberty, Americans Against Qualified Immunity. Let's continue to commit ourselves to righting the wrongs of the past and enforcing existing civil rights.

Dkt. No. 1 at 3, 40 (so in original).

Respectfully, the Court cannot make heads or tails out of this introductory statement. It does not describe or explain what did or did not happen to plaintiff, let alone what any named defendant might have done or failed to do. And rather than expounding in any level of factual detail, the remainder of plaintiff's complaint goes on to quote a further series of legal standards and other principles that might or might not be related to the generalized accusations levied in his introductory statement. *See id.* In sum, plaintiff's initial, forty-eight-page complaint does not set forth any meaningfully descriptive and/or non-conclusory factual allegations tending to establish what might have occurred, or when, or how, or to whom. *See id.*

Plaintiff's amended complaint provides even less factual detail, in conclusory fashion or otherwise. Dkt. No. 3. Instead, this pleading recites a similarly broad-ranging series of federal- and state-court cases and statutory provisions,

including but not limited to the "former presidents act," the "hate crimes prevention act," language suggesting that plaintiff thinks the United States has filed an unopposed motion to intervene in this action, and a citation to at least one case that discusses the "legality of Alternative Organ Donation Practices." *See id.* Again, just as with his initial pleading, nowhere does plaintiff identify any non-conclusory factual allegations tending to establish what might have occurred, or when, or how, or to whom, let alone how one or more of the named defendants might be responsible for it. *See id.*

Plaintiff's other submissions are of a similar thematic nature. For instance:

Plaintiff's "Emergency Motion for Mandatory Judicial Notice" cites a similar series of federal legal provisions, cautions that "time is of the essence," and seeks a judicial order finding that "Plaintiff's rights to privacy, secrecy, and immediate compensation are preserved."

Dkt. No. 19.

Plaintiff's "Amended Ex Parte Notice of Enforced Exit from Commercial Control and Demand for Final Restitution and Release" notifies the "Court and all parties of an immediate and irrevocable exit from all unlawful commercial presumptions and declares that "[a]ny unauthorized bonding, securitization, or commercial use of Plaintiff's identity, estate, or account shall be deemed constructive fraud and a breach of fiduciary duty, triggering immediate redress under equity, statute, and public trust doctrine." This filing also "formally charges all named defendants" with violations of several federal criminal laws.

Dkt. No. 24. [2]

Plaintiff's "Statement of Principle" explains that he "bow[s] not to men, titles, or artificial authority, but to the eternal principles enshrined in the Constitution," cautions that "[t]his bow is not of submission, but of sovereign acknowledgement," gives notice of a "criminal referral," and proposes that the Court find that plaintiff has, *inter alia*, "lawfully exited commercial jurisdiction."

**\*4** Dkt. No. 36.

[2]    Plaintiff has filed certain documents *ex parte.* Those documents were placed under seal by the

Clerk of the Court as a cautionary measure. The Court has reviewed these filings and determined that they should be unsealed in light of the strong presumption in favor of access to court records. *See Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019).

In short, it is abundantly clear from plaintiff's pleading, documents, and other filings that he believes that one or more actors or entities—perhaps even the named defendants—have done or tried to do something inappropriate to him, possibly in connection with their official duties (as a state-court judge, a county district attorney, and/or private members of the practicing bar).

However, it is impossible to decipher from any of these filings what those improprieties might be or have been. Aside from repeated references to a strongly held but seemingly entirely subjective belief that wrongdoing occurred, the primary unifying theme of plaintiff's filings is that they lack any of the basic factual information that might permit a reader to plausibly infer that any actionable misconduct is attributable to any particular party, named or otherwise.

Plaintiff's subjective beliefs about the misconduct of others—however strongly held those beliefs may be—are not a substitute for plausible factual allegations. Where, as here, a plaintiff has alleged only his subjective beliefs and/or conclusory suspicions in the absence of any supporting non-conclusory factual predicate, the pleading is subject to dismissal because it is "factually frivolous." *See, e.g.*, *Nobile v. Queen Laticia of Spain*, 2023 WL 8258336, at \*2 (S.D.N.Y. Nov. 27, 2023) (collecting cases); *Liu v. QBE-Commercial Check #00361360*, 2021 WL 4819997, at \*3 (N.D.N.Y. Oct. 15, 2021) (same).

Second, a review of plaintiff's pleadings and other filings demonstrate that this action is "legally frivolous." An action is legally frivolous when it is based on "an indisputably meritless legal theory" or "a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (cleaned up).

Plaintiff's pleadings meet this definition. Broadly construed, plaintiff and defendants are alleged to live and/or work in the New York State. This means the Court would probably lack the subject-matter jurisdiction needed to hear this dispute unless it raised one or more colorable "federal questions," or actionable federal-law claims. *See Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53–54 (2d Cir. 2019) (explaining "citizenship" limitation on the exercise of federal diversity

2025 WL 1735532

jurisdiction). As noted *supra*, plaintiff's initial and amended pleadings both reference a pages-long list of laws, treaties, and constitutional provisions. However, because it appears that plaintiff is complaining about official misconduct that might have affected his civil rights, the most likely applicable law is 42 U.S.C. § 1983.

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

 **\*5**  Plaintiff's claims—whatever their precise contours—would be subject to dismissal under this general body of law. First, Judge Lambert is entitled to judicial immunity for his conduct in a state-court proceeding. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Courts routinely dismiss as legally frivolous a *pro se* litigant's § 1983 claims when they are asserted against a defendant who is allegedly acting in his judicial capacity. *See, e.g.*, *Maltese v. Delta Airlines Corp.*, 2024 WL 4581712, at \*2 (E.D.N.Y. Oct. 25, 2024) (collecting cases).

Second, DA Muehl enjoys broad prosecutorial immunity for virtually any constitutional claims based on his conduct in a state-court prosecution. *See, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Courts have repeatedly dismissed as legally frivolous a *pro se* litigant's § 1983 claims when they are asserted against the district attorney or another defendant who is allegedly acting as a prosecutor. *See, e.g.*, *Faltine v. Murphy*, 2016 WL 3162058, at \*3 (E.D.N.Y. June 3, 2016); *Gssime v. Kawanta*, 2012 WL 3241431, at \*3 (E.D.N.Y. Aug. 2, 2012).

Third, a 42 U.S.C. § 1983 plaintiff must plausibly allege that the challenged misconduct constitutes "state action." *See Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012). "[S]tate action requires both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' " *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Lugar v.*

*Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). But Attorney Ferrari and Attorney Simons appear to be private actors who, absent some exceptional circumstances not intelligibly presented here, cannot be sued under 42 U.S.C. § 1983. *See, e.g.*, *Harrison v. New York*, 95 F. Supp. 3d 293, 329 (E.D.N.Y. 2015) (collecting cases).

Aside from 42 U.S.C. § 1983, plaintiff's initial and amended pleadings go on to identify a host of other federal statutes and provisions. To the extent that plaintiff has attempted to assert one or more *civil* claims based on any *criminal* statute that he has identified, those claims would be subject to dismissal because a private plaintiff cannot assert them. *See, e.g.*, *Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011) (summary order) (collecting cases for principle that federal criminal statutes do not provide private rights of action). Alternatively, to the extent that one or more of the remaining statutes plaintiff has identified *might* provide a private cause of action, neither plaintiff's initial or amended pleadings nor any of his other filings give fair notice of what his actionable claim or claims might be.

In sum, then, plaintiff's action is subject to dismissal because it is factually and legally frivolous. *See, e.g.*, *Neitzke*, 490 U.S. 319 at 325. The next question is whether plaintiff should be given leave to try to further amend. *See, e.g.*, *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 303 (N.D.N.Y. 2019) (cleaned up) ("[A]lthough district courts in this Circuit are generally reluctant to dismiss a *pro se* plaintiff's action without permitting leave to replead, the Second Circuit has explained that it is nevertheless appropriate to do so in cases where it appears that granted leave to amend is unlikely to be productive.").

 **\*6**  The answer is no. Plaintiff has filed two pleadings and well over a dozen documents that purport to support his claims for relief. As discussed *supra*, the Court has reviewed each of these filings carefully. None of these filings provide any indication of a non-frivolous, non-conclusory legal claim that might be actionable in this forum. Instead, a review of these filings permits only a single conclusion: plaintiff's assertions of misconduct—whatever their precise nature and to whomever they might be directed—are rooted in subjective beliefs and conclusory suspicions.

Because plaintiff's complaint, his amended complaint, and his supporting submissions are devoid of any arguable basis in law or in fact, permitting him to engage in another attempt at re-pleading is unlikely to be productive. Accordingly, leave

to amend must be denied. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (permitting denial of leave to amend where, as her, there is no indication plaintiff "has a claim that [he] has inadequately or inartfully pleaded and that [he] should therefore be given a chance to reframe").

Finally, in reaching the conclusion that this action should come to an end without giving plaintiff an opportunity to try to further amend (or any advance warning that this matter appears to be frivolous and an opportunity to try to explain why it might not be), the Court is mindful of the Second Circuit's admonition that "*[s]ua sponte* dismissals without notice and an opportunity to be heard deviate from the adversarial system and tend to produce the very effect they seek to avoid—a waste of judicial resources—by leading to appeals and remands." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018) (cleaned up).

Even so, the Court concludes that this case falls within one of the narrow-but-important exceptions that the Second Circuit has repeatedly recognized: a "dismissal without notice is permissible when it is 'unmistakably clear' that the underlying case is frivolous or the court lacks jurisdiction." *Tewari v. Sattler*, 2024 WL 177445, at *1 (2d Cir. Jan. 17, 2024) (summary order) (quoting *Catzin*, 899 F.3d at 82). Indeed, courts in this circuit have almost uniformly recognized that lawsuits framed in the distinctive language presented by plaintiff in his pleadings and other filings warrant summary dismissal. *See, e.g.*, *Miller v. Onondaga County*, 2024 WL 2835041, at *3 (N.D.N.Y. June 4, 2024) (collecting cases refusing to credit "sovereign citizen" or adjacent legal theories and dismissing those claims as frivolous); *Tyson v. Clifford*, 2018 WL 6727538, at *3 (D. Conn. Dec. 21, 2018) (same).

### III. CONCLUSION

This case must be dismissed because it lacks an arguable basis in law or fact. Plaintiff is cautioned that civil actions filed in federal court must conform with the Federal Rules of Civil Procedure, including Rules 8 and 10, and with the Local Rules of practice promulgated by each judicial district. Further lawsuits filed in this federal judicial district that are deemed factually or legally frivolous will be dismissed and may be referred to the Chief Judge for additional action.

Therefore, it is

ORDERED that

1. Plaintiff's complaint is DISMISSED as frivolous;

2. The remaining motions are DENIED as moot; and

3. The Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith and therefore *in forma pauperis* status is DENIED for purpose of an appeal. [3]

---

[3]   An appellant demonstrates "good faith" for purposes of the *in forma pauperis* statute when he seeks appellate review of an objectively non-frivolous issue. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Although *Coppedge* was a direct criminal appeal, courts in this circuit apply this "objective good faith" standard to good-faith questions in civil matters. *See, e.g.*, *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 323 (S.D.N.Y. 2010).

**\*7  IT IS SO ORDERED.**

### All Citations

Slip Copy, 2025 WL 1735532

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (1)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1. Defendant John Muehl's Rule 12(c) Motion for Judgment on the Pleadings**<br>Timothy A. BARON, in his Sovereign and Private Capacity, Plaintiff, v. John LAMBERT, in his Official Capacity as a Stakeholder, in his Judicial and Administrative Capacity as a Judge, and in his Individual Capacity, John Muehl, in his Official and Judicial Capacity as a District Attorney, and in his Individual Capacity, James P. Ferrari, in his Professional and Judicial Capacity as a Lawyer, and in his Individual Capacity, Joseph Simons, in his Professional and Judicial Capacity as a Lawyer, and in his Individual Capacity, Defendants.<br>2025 WL 4229106 | — | N.D.N.Y. | Apr. 30, 2025 | Motion |

 © 2026 Thomson Reuters. No claim to original U.S. Government Works.

**History**

There are no History results for this citation.

WESTLAW   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

Case 8:26-cv-01125-AJB-MJK    Document 7    Filed 06/10/26    Page 27 of 42

 © 2026 Thomson Reuters. No claim to original U.S. Government Works.

Coon v. Merola, Not Reported in Fed. Supp. (2019)
2019 WL 1981416

2019 WL 1981416
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Donald James COON, Plaintiff,
v.
Frank MEROLA, et al., Defendants.

1:19-CV-394 (DNH/ATB)
|
Signed 04/08/2019

**Attorneys and Law Firms**

Donald James Coon, Troy, NY, pro se.

**ORDER and REPORT-RECOMMENDATION**

Hon. Andrew T. Baxter, U.S. Magistrate Judge

**\*1** The Clerk has sent to the Court a civil rights complaint filed by pro se plaintiff Donald James Coon, together with a motion to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 2).

**I. In Forma Pauperis ("IFP") Application**
A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). The court finds for purposes of this recommendation, that plaintiff meets the financial criteria for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to

show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

**II. Complaint**
Although plaintiff's complaint is very conclusory, a liberal reading of the allegations contained therein show that plaintiff is attempting to allege that the Rensselaer County Clerk and his John/Jane Doe Deputy Clerks have violated plaintiff's constitutional rights in connection with a state court law suit that plaintiff has attempted to bring. (Complaint ("Compl.") *generally*) (Dkt. No. 1). In order to understand plaintiff's allegations in this action, the court must discuss another action filed by this plaintiff in 2016. In 2016, plaintiff filed a federal action in this court in which he named a variety of defendants, including Police Chief George Bell, the Villages of Cambridge and Greenwich, various district attorneys, Claverack Insurance Company, Glens Falls Hospital, Washington County Child Protective Services, and a police officer. *Coon v. Bell*, No. 1:16-CV-291 (TJM/DJS).

**\*2** After initial review of plaintiff's complaint in *Coon v. Bell*, Magistrate Judge Daniel Stewart found that plaintiff failed to state claims against the defendants and recommended that he be allowed to file an amended complaint in an effort to cure the deficiencies in the original. (Dkt. No. 8 in 16-CV-291). United States District Court Judge Thomas J. McAvoy adopted Magistrate Judge Stewart's recommendation on May 23, 2016. (Dkt. No. 11 in 16-CV-291). Plaintiff complied with the court's direction and filed an amended complaint on May 23, 2016. (Dkt. No. 12 in 16-CV-291).

Magistrate Judge Stewart conducted an initial review of the amended complaint and found that plaintiff failed to cure most of the deficiencies that were in the original. (Dkt. No. 13 in 16-CV-291). Magistrate Judge Stewart recommended dismissing most of the claims and most of the defendants from the action, while allowing a Fourth Amendment illegal search claim and Fourth Amendment excessive force claim to proceed against defendant Bell.[1] (Dkt. No. 13 in 16-CV-291). Magistrate Judge Stewart's recommendation was adopted by Judge McAvoy on November 2, 2016. (Dkt. No. 16 in 16-CV-291).

[1]    Defendant Bell has since passed away, and his estate's representative has been substituted as a party. (Dkt. Nos. 52, 71). Another defendant was joined to 16-CV-291, and there have been various other proceedings in that case, but those details are not relevant to this action.

In Magistrate Judge Stewart's report and recommendation, he found that plaintiff's defamation claims against defendant Bell and his attempted contract claims against defendant Bell and Claverack Insurance Company were, at best, state law claims.[2] (Dkt. No. 13 in 16-CV-291 at 4). Plaintiff then states that he "filed said claims" in the Rensselaer County Supreme Court. (Compl. at 1). Plaintiff states that in 2017, Judge Andrew G. Ceresia granted plaintiff poor person status, but that when he went to the Rensselaer County Clerk's office, defendant Merola told plaintiff that Judge Ceresia's order was "no good and they wouldn't honor it." (Compl. at 2). Plaintiff states that he brought Judge Ceresia's order to the Clerk's office four more times, and "finally" on March 11, 2019, a clerk that plaintiff had never seen before stamped the Judge's order and kept a copy. (*Id.*)

[2]    Although plaintiff states in this action that Magistrate Judge Stewart told plaintiff that the contract and defamation claims "needed to be refiled in Supreme Court," that is not exactly what Magistrate Judge Stewart said. His exact words were that "[l]iberally construed, plaintiff *might* be attempting to make state law defamation and intentional interference with a contract claims. ***Again, however, Plaintiff's vague and conclusory allegations fail to plausibly state such claims.***" (Dkt. No. 13 in 16-CV-291 at 4) (emphasis added). The court merely notes this for the record. Magistrate Judge Stewart's dismissal

and his language are not relevant to the findings herein.

Plaintiff alleges that he has been denied his "rightful benefits and access to the court." Plaintiff states that he even had "to choose between the suit or my housing," and that he was homeless from January 12, 2018 until April 24, 2018. (*Id.*) Plaintiff states that the Rensselaer County Supreme Court wrote plaintiff "2 times the County Clerk's staff made me pay for RJI motion I had already paid for. They told me to give letter [sic] to the Clerk and I would get my monies back." (*Id.*)

Plaintiff states that he is seeking "just compensation" for the Rensselaer County Clerks' actions who refused to recognize his "poor person status" from 2017 until 2019. Plaintiff states that he still has not "received anything" from the "grant[ed] status" because the Clerks refused to grant "my said status." (*Id.*) Plaintiff seeks substantial monetary relief. (*Id.*)

### III. Judicial Immunity

#### A. Legal Standards

**\*3**  With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

Absolute immunity extends to court clerks who perform tasks " 'which are judicial in nature and an integral part of the judicial process.' " *Proctor v. Quinn*, No. 19-CV-833, 2019 WL 692935, at \*2 (E.D.N.Y. Feb. 19, 2019) (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)). The court's " 'inherent power to control its docket is part of its function of resolving disputes between parties' and is thus 'a function for which judges and their supporting staff

2019 WL 1981416

are afforded absolute immunity.' " *Id.* (quoting *Rodriguez, 116 F.3d at 66*); and citing *Pikulin v. Gonzalez*, No. 07-CV-0412 (CBA), 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) (finding that absolute judicial immunity extends to "the Clerk's Office activities of filing and docketing legal documents"). However, a court clerk may not be entitled to absolute immunity where the clerk's refusal to accept the papers of a litigant seeking to commence an action results in the deprivation of the individual's constitutional rights. *Glass v. New York Supreme Court Appellate Division*, No. 1:17-CV-226, 2017 WL 9487181, at *3 (N.D.N.Y. Apr. 26, 2017) (citations omitted).

In determining whether the clerk's conduct in a particular case is "judicial" in nature, the court takes a "functional approach" and allows the defendant absolute immunity when the clerk is performing a "discretionary act, or performing a duty that inherently relates to resolving a dispute." *Vance v. State of New York Dep't of Corrections*, No. 9:18-CV-748, 2018 WL 6047828, at *10 (N.D.N.Y. Nov. 19, 2018) (quoting *Dzwonczyk v. Suddaby*, No. 10-CV-0300, 2010 WL 1704722, at *6 (N.D.N.Y. Apr. 28, 2010) (citing *Rodriguez*, 116 F.3d at 67) (internal quotation marks omitted)).

### B. Application

Plaintiff's statements in this case are conclusory and essentially, he is suing the "clerks" because they would not file his poor person status order between 2017 and 2019. At best, he alleges a delay in granting him poor person status because it appears that a clerk finally took and filed plaintiff's order, and at the end of his complaint, plaintiff alleges that he "still" has not "received a thing or any help from **the granyted [sic] status**." (Compl. at 2) (emphasis added). It is unclear what plaintiff believes he should have "received" or to what "help" he thinks he is entitled from the clerks beyond filing his order.

It is also unclear how plaintiff alleges that he was denied "access to courts" because he states that he filed his state law claims in the Rensselaer County Supreme Court. (Compl. at 1). However, he claims he was denied his "rightful benefits," and that somehow the clerk's actions in delaying the filing of his poor person order were related to his homelessness between January 12, 2018 and April 24, 2018. Plaintiff claims that he had to choose between "the suit" or his housing, but he does not explain why this is true or why this would be a denial of his constitutional rights. Plaintiff also states that the clerks made plaintiff pay for his RJI "motion," but that he was told that if he wrote a letter, he would get his money back.

**\*4** As it is written, plaintiff's complaint is too conclusory to state a claim against any of the clerks in this action, whether named or unnamed, [3] and the court will recommend dismissal.

[3]    Finally, the court must note that the United States Marshal would not be able to effect service of process on a "John or Jane Doe" defendant. In order for plaintiff to pursue his claims against John Doe defendants, he would ultimately be required to ascertain their identity. *LaPoint v. Vasiloff*, No. 5:15-CV-185, 2015 WL 1524437, at *4 (N.D.N.Y. Apr. 2, 2015).

### IV. Opportunity to Amend

#### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

#### B. Application

In this case, the court will recommend dismissal without prejudice, even though the court has serious doubts that plaintiff will be able to amend his complaint to state a claim. However, because there are situations in which a clerk would not be entitled to absolute immunity, and plaintiff in this case has failed to include enough facts for the court to make an accurate determination, the court will recommend dismissal without prejudice to plaintiff submitting an amended complaint.

If the court adopts this recommendation, and plaintiff is afforded the opportunity to amend, he should be afforded forty-five (45) days from the date of the order adopting this court's recommendation. Plaintiff should also be advised that if he files an amended complaint, it must be a complete pleading which must supercede the original and may not incorporate any facts from the original by reference.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) be **GRANTED for purposes of filing**, and it is further

2019 WL 1981416

**RECOMMENDED**, that the complaint be **DISMISSED** based on quasi-judicial immunity and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) **WITHOUT PREJUDICE** to plaintiff filing an amended complaint, and it is

**RECOMMENDED**, that if the District Court adopts this recommendation, plaintiff be directed to file his amended complaint or ask for an extension of time to do so within **FORTY-FIVE (45) DAYS** from the date of the District Court's order adopting the recommendation, and it is

**RECOMMENDED**, that if plaintiff files an amended complaint within the appropriate time, the court return the proposed amended complaint to me for initial review, and it is

**RECOMMENDED**, that if the court adopts this recommendation, and plaintiff fails to file an amended complaint or ask for an extension of time to do so at the expiration of the forty-five (45) days, the complaint be dismissed with prejudice and the case closed, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 1981416

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (1)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1.  Docket 1:19-CV-00394**<br>Coon v. Merola et al | — | N.D.N.Y. | Apr. 03, 2019 | Docket |

**WESTLAW** © 2026 Thomson Reuters. No claim to original U.S. Government Works.

**History (2)**

**Direct History (2)**

1. Coon v. Merola
2019 WL 1981416 , N.D.N.Y. , Apr. 08, 2019

*Report and Recommendation Adopted by*

2. Coon v. Merola
2019 WL 1978595 , N.D.N.Y. , May 03, 2019

**WESTLAW**  © 2026 Thomson Reuters. No claim to original U.S. Government Works.



**User Name:** Chaim Jaffe
**Date and Time:** Wednesday, June 10, 2026 12:55 PM EDT
**Job Number:** 286866588

## Document (1)

1. *Maurer v. Zulauf, 2026 U.S. Dist. LEXIS 95196*
   **Client/Matter:** -None-
   **Search Terms:**
   **Search Type:**

 Positive
As of: June 10, 2026 4:55 PM Z

# Maurer v. Zulauf

United States District Court for the Northern District of New York

April 30, 2026, Decided; April 30, 2026, Filed

8:26-CV-359 (AMN/MJK)

**Reporter**

2026 U.S. Dist. LEXIS 95196 *; 2026 LX 293010; 2026 WL 1179721

Rebekah J. Maurer, et. al., Plaintiffs, v. Garrett D. Zulauf et. al., Defendants.

**Subsequent History:** Adopted by, Dismissed by, in part, Dismissed by, Without prejudice, in part *Maurer v. Zulauf, 2026 U.S. Dist. LEXIS 121215 (N.D.N.Y., June 2, 2026)*

**Counsel:** [*1] Rebekah J. Maurer, Plaintiff, Pro se.

Lauren C. Maurer, Plaintiff, Pro se.

**Judges:** Hon. Mitchell J. Katz, United States Magistrate Judge. Honorable Anne M. Nardacci, U.S. District Judge.

**Opinion by:** Mitchell J. Katz

## Opinion

Mitchell J. Katz, U.S. Magistrate Judge

To The Honorable Anne M. Nardacci, U.S. District Judge:

**ORDER AND REPORT-RECOMMENDATION**

Plaintiffs commenced this action on March 6, 2026, by filing a Complaint. ("Compl.," Dkt. 1). Plaintiffs also filed motions for leave to proceed *in forma pauperis* ("*IFP*") and for the appointment of counsel. (Dkts. 2, 3, 6). The Clerk sent the Complaint, *IFP* applications and motion for the appointment of counsel to the Court for review.

## I. BACKGROUND

The Complaint alleges that an officer stopped the car Plaintiffs were in for an inspection "ignor[ing] [the] valid inspection." (Dkt. 1, ¶ 4). The officer "held" Plaintiffs "for about 30 minutes" and "demanded [Plaintiffs] both to show identification." (*Id.*). There was a large police presence and a false citation was later issued. (*Id.*). Plaintiffs were "told [] to try to prove to the judge that [the] inspection was valid." (*Id.*). Plaintiffs were "[t]errified and upset" because of the false citation and the "excessive police presence." [*2] (*Id.*). Plaintiffs allege violations of their *Fourth* and *Fourteenth Amendment* rights, and each seeks monetary damages.

## II. *IFP* APPLICATION

Plaintiffs declare in their *IFP* application that they are unable to pay the filing fee. (Dkt. 2). After reviewing their applications, this Court finds that Plaintiffs are financially eligible for *IFP* status.

## III. STANDARD OF REVIEW

In addition to determining whether Plaintiffs meet the financial criteria to proceed *IFP*, courts must consider the sufficiency of the allegations set forth in the complaint. *See 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii)*. Courts shall dismiss a case, at any time, if they determine that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *Id.*

When determining whether an action is frivolous, a court must consider whether the complaint lacks an arguable basis in law or in fact. *See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989), abrogated on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*; *see also 28 U.S.C. § 1915*. Dismissal of frivolous actions is appropriate to prevent abuses of court process and discourage the waste of judicial resources. *See Neitzke, 490 U.S. at 327*; *see also Harkins v. Eldredge, 505 F.2d 802, 804 (8th Cir. 1974)*. Courts have a duty to show liberality toward *pro se* litigants and must use extreme caution when **[*3]** ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond. *See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000)*. But courts must still determine that a claim is not frivolous before permitting a plaintiff to proceed. *See Id.* (finding that a district court may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quoting *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp., 550 U.S. at 555*).

Additionally, *Fed. R. Civ. P. 8(a)(2)* requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although *Rule 8* does not require detailed factual allegations, it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Houston v. Collerman, No. 9:16-CV-1009 (BKS/ATB), 2016 U.S. Dist. LEXIS 148106, 2016 WL 6267968, at *2 (N.D.N.Y. Oct. 26, 2016)* (quoting *Ashcroft, 556 U.S. at 678*). A pleading that contains allegations that "'are so vague as to fail to give the defendants adequate notice of the claims against them' is subject to dismissal." *Id.* (citing *Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009)*).

## IV. DISCUSSION

The Court denies Plaintiffs' **[*4]** motion for the appointment of counsel *without prejudice* and recommends the District Court:

> A. dismiss the Complaint under *Fed. R. Civ. P. 8 without prejudice and with leave to amend*;
>
> B. dismiss the Complaint under *Fed. R. Civ. P. 10 without prejudice and with leave to amend*;
>
> C. dismiss the Complaint *without prejudice and with leave to amend* because the Complaint is silent as to when Plaintiffs' purported claims accrued, not allowing the Court to ascertain whether their claims are timely;
>
> D. dismiss the Complaint against the St. Lawrence County Sheriff's Department *with prejudice and without leave to amend*;
>
> E. dismiss the Complaint *without prejudice and with leave to amend* to the extent it alleges a claim against St. Lawrence County;
>
> F. dismiss the Complaint *without prejudice and with leave to amend* to the extent it alleges a claim against Defendant Zulauf, in his individual capacity; and
>
> G. dismiss the Complaint *with prejudice and without leave to amend* to the extent it alleges a claim against Defendant Zulauf in his official capacity; and
>
> H. allow Plaintiffs the opportunity to amend their Complaint.

**A. *Fed. R. Civ. P. 8***

The Court recommends dismissal of the Complaint *without prejudice and with leave to amend* under *Fed. R. Civ. P. 8*. Pleadings must contain, among **[*5]** other things, three things: first "a short and plain statement of the claim showing that the pleader is entitled to relief," second, "a short and plain statement of the grounds for the court's jurisdiction," and third, "a demand for the relief sought[.]" *Fed. R. Civ. P. 8(a)(1)-(3)*. "Although 'no technical form is required,' the Federal Rules make clear that each allegation contained in the pleading 'must be simple, concise, and direct.'" *Cole v. Smrtic, No. 1:24-CV-847, 2024 WL 4870495 (MAD/CFH), at *2 (N.D.N.Y. 2024)* (quoting *Fed. R. Civ. P. 8(d)*). Allegations "so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009)* (summary order).

Here, the Court cannot glean from the Complaint as pleaded when the traffic stop took place, whether Defendant Zulauf, or some other law enforcement officer, issued Plaintiffs the citation they complain about, and asked Plaintiffs for their identification and/or "held" them. (Dkt. 1, ¶ 4). As pleaded, the Complaint does not comply with *Rule 8* and the Court therefore recommends dismissal *without prejudice and with leave to amend*.

**B. *Fed. R. Civ. P. 10***

The Court recommends dismissal of the Complaint *without prejudice and with leave to amend* under *Fed. R. Civ. P. 10*. "[T]he title of the complaint must name all the parties." *Fed. R. Civ. P. 10(a)*. A party not named in the caption of the complaint **[*6]** is not a party to the action. *See Abbas v. U.S., No. 10-CV-0141, 2014 U.S. Dist. LEXIS 108367, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014)* (holding that the failure to name the individual defendants against whom the plaintiff

intends to assert claims makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims").

Here, the Complaint refers to "two sheriff vehicles, a NY State Trooper, and a border patrol vehicle." (Dkt. 1, pg. 3). With such scant information, the Court is unable to discern whether Plaintiffs intended to name as defendants the sheriffs who operated the "two sheriff vehicles", the NY State Trooper, and/or the officers who operated the "border patrol vehicle." (Dkt. 1). Thus, the Court recommends dismissal of the Complaint *without prejudice and with leave to amend*.

**C. Statute of Limitations**

"In section 1983 actions, the applicable limitations period is found in the general or residual [state] statute [of limitations] for personal injury actions." *Dibenedetto v. Coley, No. 24-CV-1029, 2024 U.S. App. LEXIS 27858, 2024 WL 4662979, at *1 (2d Cir. 2024)* (quoting *Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997)* (quotation marks omitted). So "New York's three-year statute of limitations for unspecified personal injury actions governs section 1983 actions in New York." *Id.* (citation omitted). However, "federal law governs the determination of the **[*7]** accrual date (that is, the date the statute of limitations begins to run) for purposes of the statute of limitations in a section 1983 action." *Ormiston, 117 F.3d at 71*.

As pleaded, the Complaint is silent as to when Plaintiffs' purported claims accrued, not allowing the Court to ascertain whether their claims are timely. And if untimely, whether equitable tolling would be applicable to save Plaintiffs' claims. The Court therefore recommends dismissal *without prejudice and with leave to amend*. If the District Court accepts this recommendation and permits Plaintiffs to file an amended pleading, they should be directed to include the date on which the underlying events took place.

**D. The Complaint should be dismissed against the St. Lawrence County Sheriff's Department**.

The Court recommends dismissal of the Complaint against Defendant St. Lawrence County Sheriff's Department *with prejudice and without leave to amend* because they are not a proper party to this action. "A department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence. Therefore, municipal departments . . . are not amenable to suit[.]" *Coston v. Conway, No. 19-CV-1552 (GLS/ATB), 2020 U.S. Dist.LEXIS 131785, at *8 (N.D.N.Y. June 15, 2020)* (quoting *Hoisington v. County of Sullivan, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999)*). Accordingly, the Court recommends dismissal of any claims asserted **[*8]** against Defendant St. Lawrence County Sheriff's Department.

The Court assumes that the Plaintiffs intended to name St. Lawrence County as a defendant. With that assumption, the Complaint still fails to state a claim against the County. "[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012)*. A plaintiff establishes the existence of a policy or custom by plausibly alleging: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Kurtz v. Hansell, No. 20-CV-3401, 2021 U.S. Dist. LEXIS 56037, 2021 WL 1143619, at *18 (S.D.N.Y. Mar. 24, 2021)* (quoting *Brandon v. City of New York, 705 F. Supp. 2d 261,* *276-77 (S.D.N.Y. 2010)*). Here, the Complaint lacks any allegations plausibly suggesting that St. Lawrence **[*9]** County has a policy, custom or practice that caused the purported deprivation of Plaintiffs' constitutional rights. The Court therefore recommends dismissal *without prejudice and with leave to amend*.

**E. The Complaint should be dismissed against Defendant Zulauf in his official capacity**.

The Court recommends dismissal of the Complaint against Defendant Zulauf *with prejudice and without leave to amend* to the extent it alleges claims against him in his official capacity. "It is settled that a suit against a municipal officer in his official capacity is functionally equivalent to a suit against the entity of which the officer is an agent." *Ware v. City of Lackawanna, No. 08-CV-2009, 2009 U.S. Dist. LEXIS 97941, 2009 WL 3464057, at *2 (W.D.N.Y. Oct. 21, 2009)* (cleaned up). So official capacity suits are treated as "another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)* (internal citation omitted). Therefore, "[a]s long as the government entity receives notice and an opportunity to respond, an official[ ]capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Ware, 2009 U.S. Dist. LEXIS 97941, 2009 WL 3464057, at *2* (quoting *Graham, 473 U.S. at 166*). And for that reason, courts routinely dismiss official capacity claims as redundant or duplicative of claims against the municipality itself. *See Tuff v. Vill. Of Yorkville Police Dep't, No. 16-CV-473 (TJM), 2017 U.S. Dist. LEXIS 12142, 2017 WL 401241 (N.D.N.Y. Jan. 30, 2017)*.

Here, the Complaint **[*10]** alleges claims against Defendant Zulauf in his official capacity and possibly St. Lawrence County. Therefore, the Court recommends dismissing the claims against Defendant Zulauf, in his official capacity, *with prejudice and without leave to amend*.

**F. The Complaint should be dismissed against Defendant Zulauf in his individual capacity**.

The Court recommends dismissal of the Complaint *without prejudice and with leave to amend* to the extent it seeks to impose liability against Defendant Zulauf in his individual capacity because there are no allegations that describe his personal involvement in the purported deprivation of Plaintiffs' constitutional rights. To establish individual liability under § 1983, "a plaintiff must show . . . that the defendant caused the plaintiff to be deprived of a federal right." *Raspardo v. Carlone, 770 F.3d 97, 115 (2d Cir. 2014)*. Plaintiffs can establish "personal involvement" by plausibly alleging that: (1) "[t]he defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance **[*11]** of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference . . . by failing to act on information indicating that unconstitutional acts were occurring." *Littlejohn v. City of New York, 795 F.3d 297 , 314 (2d. Cir. 2015)*.

Here, there are no allegations establishing Defendant Zulauf's personal involvement in the purported deprivation of Plaintiffs' constitutional rights. So the Court recommends dismissal of the Complaint as to Defendant Zulauf, in his individual capacity, *without prejudice and with leave to amend*.

**G. Plaintiffs' motion for counsel is denied without prejudice**.

There is no right to the appointment of counsel in civil matters. *See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994)*. Appointment of counsel must

be done carefully to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *See Cooper v. A. Sargenti, Inc., 877 F.2d 170, at 172-73 (2d. Cir. 1989)*. Before the Court conducts a substantive analysis of Plaintiffs' request, Plaintiffs must make a showing that they have sought representation and that their requests have been declined. *See Cooper, 877 F.2d at 173* (citing *Jenkins v. Chemical Bank, 721 F.2d 876 (2d Cir. 1983)*. This showing is typically satisfied when a plaintiff identifies the attorneys they have contacted and attaches to their motion **[*12]** letters from attorneys declining their request for representation. *See Terpening v. McGinty, No. 1:21-CV-1215 (GTS/CFH), 2022 U.S. Dist. LEXIS 104676, 2022 WL 2115265, at *1 (N.D.N.Y. June 13, 2022)* (citations omitted); *see also N.D.N.Y. Pro Se Handbook, at 5*.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *See Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997)*. Instead, several factors must be carefully considered by the Court in ruling upon such a motion. As a threshold matter, the Court should ascertain whether the indigent's claims seem likely to be of substance. Even in a case in which a litigant's position seems likely of substance, the appointment of counsel is made only in "exceptional circumstances." *Cardona v. Comm'r of Soc. Sec.*, No. 3:20-CV-558, 2020 WL 8575100, at *2 (D. Conn. Dec. 2, 2020) (quoting *Kirkpatrick v. Astrue, Civ. No. 08-0407, 2008 U.S. Dist. LEXIS 29980, 2008 WL 879407, at *1 (W.D. La. Mar. 31, 2008)*). When considering whether such circumstances exist, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just

determination.

*Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994)* (quoting *Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)*). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided **[*13]** on its own facts. *See Velasquez v. O'Keefe, 899 F. Supp. 972, 974 (N.D.N.Y. 1995)* (citing *Hodge, 802 F.2d at 61*).

Plaintiffs have not met their initial burden. Although Plaintiffs allege that they contacted the Legal Aid Society (Canton, New York) and Alexander Coffin & Associates, LLC, Plaintiffs do not include any declination letters. (Dkt. 6, at ¶ 1). Even if Plaintiffs' motion did include the requisite declination letters, that does not end the Court's inquiry. *See* Local Rule 83.2(c). This action is in its earliest stages, and, as discussed above, the Court recommends dismissal of the Complaint. For that reason, Plaintiffs' motion for the appointment of counsel is denied without prejudice.

**H. Plaintiffs should be given the opportunity to Amend**.

Generally, before the court dismisses a *pro se* complaint or any part of the complaint *sua sponte*, the court should afford a plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *See Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)*. Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)* (citation omitted).

Here, there is no futility. The Court therefore recommends that the Complaint be dismissed *without prejudice and with leave to amend **[*14]** except* as to Plaintiffs' claim against the St. Lawrence County Sheriff's Department and Defendant Zulauf in his official capacity which the Court recommends be dismissed *with prejudice and*

*without leave to amend*.

If the District Court permits this action to proceed and Plaintiffs amend their pleading, they are reminded of their obligations under *Fed. R. Civ. P. 8*, which requires their amended complaint to contain a short and plain statement showing that they are entitled to relief. Plaintiffs are also reminded of their obligations under *Fed. R. Civ. P. 10* to specifically identify all potential defendants in the caption of the action. While the amended pleading should contain sufficient facts to provide Defendants with notice of the claims against them, it should not contain material that is not germane to their claims.

**VI. CONCLUSION**

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that Plaintiffs' motions to proceed *in forma pauperis* (Dkts. 2, 3) are **GRANTED**, and it is further

**ORDERED**, Plaintiffs' motion for the appointment of counsel **IS DENIED WITHOUT** PREJUDICE; and it is further

**RECOMMENDED** that the District Court:

A. **DISMISS** the Complaint under *Fed. R. Civ. P. 8* **WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**;

B. **DISMISS** the Complaint under **[*15]** *Fed. R. Civ. P. 10* **WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**;

C. **DISMISS** the Complaint **WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** because the Complaint is silent as to when Plaintiffs' claims accrued, not allowing the Court to ascertain whether their claims are timely;

D. **DISMISS** the Complaint as to the St. Lawrence County Sheriff's Department **WITH PREJUDICE AND WITHOUT LEAVE TO**

**AMEND**;

E. **DISMISS** the Complaint **WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** to the extent it alleges a claim against St. Lawrence County;

F. **DISMISS** the Complaint **WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** to the extent it alleges a claim against Defendant Zulauf, in his individual capacity;

G. **DISMISS** the Complaint **WITH PREJUDICE AND WITHOUT LEAVE TO AMEND** to the extent it alleges a claim against Defendant Zulauf in his official capacity; and

H. allow Plaintiffs the opportunity to amend their Complaint.

Pursuant to *28 U.S.C. § 636(b)(1)* and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. *FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW*. *Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)*(citing *Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)*); *28 U.S.C. § 636(b)(1)*; *Fed. R. Civ. P. 6(a)*, *6(e)*, 72.

Dated: April 30, 2026

/s/ Mitchell J. Katz

Hon. Mitchell J. Katz

U.S. Magistrate Judge

United States District Court, N.D. New York.

Eddie HOUSTON, Plaintiff,

v.

COLLERMAN, **[*16]** et. al., Defendants.

9:16-CV-1009 (BKS/ATB)

Signed 10/26/2016

[EDITOR'S NOTE: THIS DOCUMENT IS REPORTED AT: *2016 U.S. Dist. LEXIS 148106*.]

United States District Court, N.D. New York.

Matthew H. COLE, Plaintiff, v. Honorable Michael W. SMRTIC, et al. Defendants.

No. 1:24-CV-00847 (MAD/CFH)

Signed November 21, 2024

[EDITOR'S NOTE: THIS DOCUMENT IS REPORTED AT: *2024 U.S. Dist. LEXIS 212620*.]

United States District Court, W.D. New York.

Shariff ABBAS, Plaintiff, v. UNITED STATES of America, Defendant.

No. 10-CV-0141S.

Signed Aug. 1, 2014.

[EDITOR'S NOTE: THIS DOCUMENT IS REPORTED AT: *2014 U.S. Dist. LEXIS 108367*.]

United States Court of Appeals, Second Circuit.

Vincent DIBENEDETTO, Plaintiff-Appellant, v. Maurice COLEY, Defendant-Appellee[*].

24-1029-cv

November 4, 2024

[EDITOR'S NOTE: THIS DOCUMENT IS REPORTED AT: *2024 U.S. App. LEXIS 27858*.]

United States District Court, S.D. New York.

Shveta Kakar KURTZ, Daniel L. Kurtz, A.K., a minor child, and M.K., a minor child, Plaintiffs, v. David HANSELL, as the Duly Appointed Commissioner of the New York City Administration for Children's Services, Division of

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

Child Protection, New York Comptroller, City of New York, Yscary Rodriguez, individually and as a caseworker employed by ACS, Bhojranie Maygoo, as a caseworker employed by ACS, Eunice Iwenofu, as a caseworker employed **[\*17]** by ACS, Brenda Lawson, as an ACS case manager/supervisor, Esperanza Sandoval, as a supervisor in the family support unit employed by ACS, Dr. Peter Fabricant, as a treating physician and state actor operating under color of law, Dr. Marie Lupica, treating physician and state actor operating under color of law, Dr. Ramzi Marwan Shaykh, as a treating physician, DR. Shari L. Platt, as a treating physician and state actor operating under color of law, Dr. Sheena Ranade, as a treating physician, LSW Karen Glass, as a state actor, Unnamed ACS Workers and Employees 1-10, Unnamed Employees and Workers of New York Presbyterian Hospital/Weill Cornell Medical Center 1-10, Unnamed Workers and Employees of Mt. Sinai Hospital 1-10, New York Presbyterian Hospital/Weill-Cornell Medical Center, Mt. Sinai Hospital, Administration for Children's Services, Defendants.

20 Civ. 3401 (PAE)

Signed 03/24/2021

[EDITOR'S NOTE: THIS DOCUMENT IS REPORTED AT: *2021 U.S. Dist. LEXIS 56037*.]

United States District Court, N.D. New York.

Jared TUFF, Plaintiff,

v.

VILLAGE OF YORKVILLE POLICE DEPARTMENT, Village of Yorkville, Police Chief DeLuca, Officer Guca, Defendants.

6:16-CV-473

Signed 01/30/2017

[EDITOR'S NOTE: THIS DOCUMENT IS REPORTED AT: *2017 U.S. Dist. LEXIS 12142*.]

United States District **[\*18]** Court, N.D. New York.

Tammy TERPENING, Plaintiff,

v.

Anthony MCGINTY, in his judicial and individual capacities, Defendant.

1:21-CV-1215 (GTS/CFH)

Signed 06/13/2022

[EDITOR'S NOTE: THIS DOCUMENT IS REPORTED AT: *2022 U.S. Dist. LEXIS 104676*.]

United States District Court, D. Connecticut.

Gyspy CARDONA

v.

COMMISSIONER OF SOCIAL SECURITY

3:20 CV 558 (RMS)

Signed 12/02/2020

[EDITOR'S NOTE: THIS DOCUMENT IS REPORTED AT: *2020 U.S. Dist. LEXIS 250175*.]

United States District Court, W.D. Louisiana, Shreveport Division.

Tanya Patricia KIRKPATRICK

v.

Michael J. ASTRUE, Commissioner, Social Security Administration.

Civil Action No. 08-0407.

March 31, 2008.

[EDITOR'S NOTE: THIS DOCUMENT IS REPORTED AT: *2008 U.S. Dist. LEXIS 29980*.]