**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TYRONE WALKER,

             Plaintiff,

             -v-                             8:26-CV-1125 (AJB/MJK)

JUDGE THOMAS J. MCAVOY,

             Defendant.

---

APPEARANCES:                          OF COUNSEL:

TYRONE WALKER
Plaintiff, Pro Se
94-A-5258
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

**Hon. Anthony Brindisi, U.S. District Judge:**

### ORDER ON REPORT & RECOMMENDATION

On May 26, 2026, *pro se* plaintiff Tyrone Walker, an incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision, filed this 42 U.S.C. § 1983 action against U.S. District Judge Thomas J. McAvoy.  Dkt. No. 1.  According to plaintiff's 114-page pleading, plaintiff—acting as representative and trustee of the Tyrone Walker Trust—is entitled to, *inter alia*, a lien valued at $100,000,000 against Judge McAvoy as a result of his judicial involvement in plaintiff's federal-court prosecution.[1]  Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application").  Dkt. Nos. 2, 3.

---

[1] Plaintiff has made similar filings in his federal criminal case.  *United States v. Walker*, 3:94-CR-328 (DNH).

- 1 -

On June 10, 2026, U.S. Magistrate Judge Mitchell J. Katz granted plaintiff's IFP Application but, after conducting an initial review of the pleading, advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed <u>without</u> leave to amend as legally and factually frivolous. Dkt. No. 7. As Judge Katz explained, a federal judge's adjudication of a criminal matter over which they presided is not a valid basis on which to maintain a § 1983 claim, since federal judges are entitled to absolute judicial immunity for official acts. *Id.* Further, despite the "robust" nature of plaintiff's lien-related allegations, Judge Katz determined that no cognizable debtor-creditor relationship (indeed, no cognizable relationship of any kind) exists or existed between plaintiff and Judge McAvoy. *See id.* Finally, because plaintiff's complaint was frivolous and could not be cured through better fact pleading, Judge Katz recommended that plaintiff's complaint be dismissed <u>without</u> leave to amend. *Id.*

Plaintiff has not lodged objections. However, he has filed a letter with proposed summonses, Dkt. No. 8, offered additional exhibits to his complaint, Dkt. No. 9, and filed an amended civil cover sheet, Dkt. No. 11. Upon *de novo* review, these filings do not warrant any relief. To the contrary, the Court agrees with Judge Katz: plaintiff's civil action lacks an arguable basis in law or fact. Accordingly, the R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 7) is ACCEPTED;

2. Plaintiff's complaint (Dkt. No. 1) is DISMISSED <u>without</u> leave to amend as FRIVOLOUS; and

3.  The Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, therefore IFP status is denied for the purpose of any appeal.[2]

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated:  July 23, 2026
          Utica, New York.

Anthony J. Brindisi
U.S. District Judge

---

[2] An appellant demonstrates "good faith" for purposes of the *in forma pauperis* statute when he seeks appellate review of an objectively non-frivolous issue. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Although *Coppedge* was a direct criminal appeal, courts in this circuit apply this "objective good faith" standard to good-faith questions in civil matters. *See, e.g.*, *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 323 (N.D.N.Y. 2010).